NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3219

THOMAS H. VON MULLER,

Petitioner,

v.

DEPARTMENT OF ENERGY,

Respondent.

———————————————

DECIDED: October 10, 2006

———————————————

Before LINN and PROST, Circuit Judges, and SARIS, District Judge.*

PER CURIAM.

Thomas H. von Muller ("von Muller") appeals a final decision of the Merit Systems Protection Board ("Board"), Von Muller v. Department of Energy, No. SE-0752-03-0402-I-3 (M.S.P.B. Feb. 13, 2005) ("Final Decision"), modifying the administrative judge's ("AJ") initial decision, Von Muller v. Department of Energy, No. SE-0752-03-0402-I-3 (M.S.P.B. Nov. 18, 2004) ("Initial Decision"), and sustaining von Muller's removal by an agency in the Department of Energy from the position of Economic Development Account Executive. Because the Board's decision is not arbitrary,

---

* Honorable Patti B. Saris, District Judge, United State District Court for the District of Massachusetts, sitting by designation.

capricious, or an abuse of discretion, is in accordance with law and supported by substantial evidence, and does not otherwise contain reversible error, we affirm.

BACKGROUND

Von Muller worked as an Economic Development Account Executive at the Bonneville Power Administration ("Agency") until his removal on August 1, 2003 based on four charges of misconduct. The charges were the result of an Agency investigation into employees' misuse of computers and electronic mail and included: (1) Conduct Unbecoming a Federal Employee; (2) Misuse of Government Resources; (3) Failure to Follow Supervisory Instruction; and (4) Failure to Follow Written Policy and Instructions. Although the investigation resulted in disciplinary action against 18 employees, only von Muller and one other employee were removed. Final Decision, slip op. at ¶¶ 2-10.

Von Muller appealed to the Board, and on November 18, 2004 the AJ issued an initial decision that sustained the first, second, and fourth charges but found that the Agency had failed to prove the third charge. Initial Decision, slip op. at 34-38. The AJ also found that the removal penalty was unreasonably harsh and mitigated it to a 90-day suspension. Id., slip op. at 53-54.

On the Agency's petition for review, the Board determined that the Agency proved the third charge by a preponderance of the evidence. Final Decision, slip op. at ¶¶ 15-17. The Board also found that the penalty of removal was reasonable. Id., slip op. at ¶ 23. Accordingly, the Board affirmed the AJ's initial decision with respect to the first, second, and fourth charges and modified the decision to sustain the third charge and the penalty of removal. Id., slip op. at ¶ 1. Von Muller timely appealed. We have jurisdiction under 5 U.S.C. § 7703(b)(1).

DISCUSSION

This court must affirm a Board decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The burden of establishing reversible error in a Board decision rests upon the petitioner. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

On appeal, von Muller argues that the Board erred in reversing the AJ's finding that the Agency failed to prove the third charge because the AJ's finding was based on demeanor and credibility determinations. Von Muller also argues that the Board erred in sustaining the penalty of removal because it failed to consider that he received disparate treatment.

The Board's decision to sustain the third charge was not based on credibility determinations. Rather, the Board agreed with the AJ that, though von Muller's supervisor instructed him not to talk about "this" with anyone, "it is unclear precisely what [von Muller's supervisor] directed the appellant not to talk about"—the investigation, the conversation, or the details of the conversation. Final Decision, slip op. at ¶¶ 16-17. However, the board found that under any interpretation, von Muller failed to comply with the instruction because in five emails over the next several days, von Muller "expressed the central fact that BPA management, with the help of Cyber Security was, monitoring his and other employees' emails" and that no other details of the investigation were left to divulge. Id. "When the demeanor-based deference

requirement is not in play, the [Board] is free to re-weigh the evidence and substitute its own decision as to the facts or the law commensurate with the substantial evidence standard." Haebe v. Dep't of Justice, 288 F.3d 1288, 1302 (Fed. Cir. 2002). Here, the Board was free to re-weigh the evidence, and its finding that the Agency proved the third charge is supported by substantial evidence.

In evaluating the appropriateness of removal, the Board correctly turned to the non-exhaustive factors outlined in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 306 (1981), to determine if the Agency's penalty determination was entitled to deference. The Board found that disparate treatment—a Douglas factor—was not present in von Muller's case because the only other similarly-situated employee was also removed. Final Decision, slip op. at ¶ 22. We need not address that issue, however, because the Board nevertheless concluded that the Agency failed to consider other Douglas factors and thus afforded no deference to the Agency's penalty determination. In such a situation, the Board may perform its own analysis of the reasonableness of the penalty. Langham v. United States Postal Service, 92 M.S.P.R. 268, 272 (2002). Here, the Board noted the nature and seriousness of the conduct, von Muller's position interacting with parties outside the Agency, and the reflection such conduct had on the Agency, and concluded that removal was within the bounds of reasonableness. That conclusion is supported by substantial evidence. Accordingly, we affirm.

06-3219                                                    4