# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NICOLE A. ROSE,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-22-0510-I-1<br><br><br>DATE: August 21, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Casey Keppler</u>, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed her removal for failure to meet a condition of employment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to review the agency-imposed penalty by considering the relevant *Douglas*[2] factors, we AFFIRM the initial decision and sustain the appellant's removal.

## BACKGROUND

¶2        Effective June 16, 2022, the agency removed the appellant from her Information Technology Specialist (Security) position based on her failure to meet a condition of her employment—specifically, her failure to obtain her Information Assurance (IA) Certification. Initial Appeal File (IAF), Tab 4 at 29-30, 106. This appeal followed. IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision sustaining the charge but finding that the Board lacked the authority to determine whether reassignment or a lesser penalty would be appropriate under the *Douglas* factors. IAF, Tab 26, Initial Decision (ID) at 6-12, 16-18. He further found that the appellant did not prove her affirmative defense of harmful error based on the deciding official's failure to consider the *Douglas* factors as required by an agency rule. ID at 12-15. Crediting the testimony of the deciding official, he found that the

_____

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions.

agency still would have removed the appellant had the deciding official considered the relevant factors. *Id.*

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1 at 12. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

¶4 Relying on *Radcliffe v. Department of Transportation*, 57 M.S.P.R. 237 (1993), the administrative judge concluded that, because the agency proved that the appellant failed to meet a condition of her employment, and there is no agency policy, regulation, or other controlling authority requiring reassignment, the Board lacks the authority to mitigate the removal penalty. ID at 16-18; *Radcliffe*, 57 M.S.P.R. at 241. *Radcliffe* involved an up-or-out air traffic control training program and its holding was limited to those circumstances. In cases like this one involving an adverse action based on a charge of failure to maintain a condition of employment, the Board has determined that a more limited set of *Douglas* factors generally are the most relevant, including: (1) the nature of the offense; (2) its effect on an appellant's performance of the job; and (3) the availability and effect of alternative sanctions. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 8 (2010). Therefore, the administrative judge erred by finding that he lacked the authority to mitigate the agency's penalty determination.

¶5 When the agency's charge is sustained, as in this case, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Id.*, ¶ 7. In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been

properly exercised. *Id.* The Board will modify or mitigate a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id.* The Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding on a penalty. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 5 (2016).

¶6    Here, the deciding official testified that he started—but did not complete—a *Douglas* analysis before reaching his decision because he believed that the factors did not apply to the appellant's non-disciplinary removal. Hearing Transcript (HT) at 110-12, 190-91 (testimony of the deciding official). Although he testified concerning the three factors identified in *Penland* to be the most relevant, there is no evidence that he considered them prior to making his decision. HT at 192-98 (testimony of the deciding official); *see Penland*, 115 M.S.P.R. 474, ¶ 8. Thus, the agency's penalty determination is not entitled to deference. *See Batara*, 123 M.S.P.R. 278, ¶ 5; *Von Muller v. Department of Energy*, 101 M.S.P.R. 91, ¶ 19, *aff'd*, 204 F. App'x 17 (Fed. Cir. 2006), *and modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15.

¶7    Nevertheless, we find that the removal penalty lies within the bounds of reasonableness. Regarding the nature of the offense and its effect on the appellant's performance of the job, we agree with the administrative judge that the appellant's failure to obtain an IA certification meant that she was unable to perform the primary duties of her position. ID at 6-8, 14 n.14-15; IAF, Tab 4 at 136, 317; HT at 15-18 (testimony of the proposing official), 84 (testimony of the deciding official). The proposing and deciding officials testified that the limitations on what job duties the appellant could permissibly perform imposed a burden on other employees in the office to complete work that should have been assigned to the appellant. ID at 14-15 n.15; HT at 17-18 (testimony of the proposing official), 86-87 (testimony of the deciding official). Furthermore,

although the appellant was required as a condition of employment to obtain the IA certification within 6 months, the agency afforded her 2 years to obtain the certification. HT at 72-73 (testimony of the proposing official), 101-02 (testimony of the deciding official). The agency permitted her to study 4 hours daily while on duty, but she was unable to pass the examination after 3 attempts. ID at 9, 11-12; HT at 35-39 (testimony of the proposing official), 222-24 (testimony of the appellant). Considering these circumstances, we find that the nature of the offense and its effect on the appellant's performance of the job weigh in favor of removal.

¶8    As for the availability and effectiveness of alternative sanctions, the appellant alleges on review that there were vacant positions at her duty station for which she was qualified and to which she could have been reassigned. PFR File, Tab 1 at 11-12. However, the administrative judge found, and the appellant does not dispute, that there is no agency regulation or policy requiring reassignment under these circumstances. ID at 16-17. Furthermore, the deciding official testified that there were no vacant positions under his authority that did not require an IA certification. HT at 131, 191, 195 (testimony of the deciding official). Moreover, the Board has held that removal is a reasonable penalty for an employee's failure to meet the requirements of her position. *See, e.g.*, *Penland*, 115 M.S.P.R. 474, ¶ 11.

¶9    Finally, the appellant reiterates on review her argument below that the agency did not give her the option of completing a less difficult course and examination that would have satisfied the IA certification requirement. PFR File, Tab 1 at 7-10. We see no reason to disturb the administrative judge's well-reasoned credibility findings and conclusion that the appellant chose the course on her own accord. ID at 10-12.

¶10    Accordingly, we find that removal in this case is reasonable[3] and promotes the efficiency of the service, and we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] For this same reason, we agree with the administrative judge that the appellant failed to prove her affirmative defense of harmful error. ID at 12-15.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.