# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEONARD ENGLISH, JR.,<br>    Appellant,<br><br>    v.<br><br>SMALL BUSINESS<br>   ADMINISTRATION,<br>    Agency. | DOCKET NUMBERS[1]<br>DE-1221-16-0135-W-1<br>DE-1221-16-0136-W-1<br><br><br><br>DATE: February 3, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Leonard English, Jr., Aurora, Colorado, pro se.

Beverley E. Hazlewood, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] The administrative judge joined these appeals upon finding that doing so would expedite their processing without adversely affecting the interests of either party. *English v. Small Business Administration*, MSPB Docket No. DE-1221-16-0135-W-1, Initial Appeal File, Tab 6 at 2; *see* 5 C.F.R. § 1201.36(a)(2).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which denied his requests for corrective action in these individual right of action (IRA) appeals.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations,  section 1201.115  (5 C.F.R.  § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant, a Surety Bond Guarantee Specialist, filed these IRA appeals alleging that, in reprisal for his protected whistleblowing disclosures and other protected activity, the agency decided not to include him in his office's line of succession and issued two letters of reprimand dated May 18, 2015, and July 20, 2015.  *English v. Small Business Administration*, MSPB Docket No. DE-1221-16-0135-W-1, Initial Appeal File (0135 IAF), Tab 1  at 4-6, Tab 29 at 2,  Tab 33 at 4-5; *English v. Small Business Administration*, MSPB Docket No. DE-1221-16-0136-W-1, Initial Appeal File, Tab 1  at 4-5.   The appellant alleged that his supervisor had excluded him from her line of succession, thereby excluding him from the list of individuals designated to act for his supervisor in her absence, on

April 22, 2014, January 2, 2015, March 4, 2015, and September 29, 2015. 0135 IAF, Tab 28 at 11, Tab 33 at 5. The May 18, 2015 letter of reprimand alleged that the appellant failed to make a decision or complete a review on a bond guarantee application that was past the bid date. 0135 IAF, Tab 19 at 135. The July 20, 2015 letter of reprimand, which found that the appellant had failed to follow his supervisor's instructions by failing to update his information in the Emergency Notification System (ENS) and send his supervisor an email when that task had been completed, had initially been proposed as a 5-day suspension with an additional specification that was not sustained by the deciding official who issued the letter of reprimand. 0135 IAF, Tab 7 at 30-33, Tab 19 at 127-28.

¶3        After finding that the Board had jurisdiction over the appeals and holding a hearing, 0135 IAF, Tab 33, the administrative judge denied the requests for corrective action, 0135 IAF, Tab 57, Initial Decision (ID) at 1, 24. The administrative judge found that the appellant had engaged in activities protected by 5 U.S.C. § 2302(b)(8)-(9), including an April 18, 2014 disclosure, a November 25, 2014 IRA appeal, a May 2014 letter to a U.S. senator, and a December 2014 complaint to the agency's Inspector General (IG). ID at 9-11. Nevertheless, he also found that, in those instances in which the appellant established that a protected disclosure or activity was a contributing factor in a personnel action, the agency established by clear and convincing evidence that it would have taken the same actions in the absence of the disclosures or activity. ID at 11-24.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The appellant does not challenge the administrative judge's findings regarding the protected disclosures and activity, nor does he address on review in any persuasive way the administrative judge's findings that only some of those protected activities were contributing factors in only some of the personnel actions at issue in this case. ID at 11-12, 16-18, 21-22 (finding, for example, that

only the appellant's April 18, 2014 disclosure and his November 25, 2014 IRA appeal were contributing factors in his May 18, 2015 letter of reprimand).[3] Instead, the appellant's assertions focus primarily on his disagreement with the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of his protected disclosures and activity.  Petition for Review (PFR) File, Tab 1 at 4-6, 8, 12-24. In this regard, the appellant asserts that the administrative judge did not properly analyze the factors for determining whether the agency has met this burden.  In making this determination, the Board will consider all of the relevant factors, including the following factors (*Carr* factors):  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly

---

[3]  The appellant asserts that the initial decision is contradictory because the administrative judge found both that his April 18, 2014 disclosure was and was not a contributing factor in the February 20, 2015 proposal to suspend him for 5 days, which the agency ultimately mitigated in its July 20, 2015 letter of reprimand.  Petition for Review (PFR) File, Tab 1 at 11.  Based on the context of the separate analyses of the proposed 5-day suspension and the resulting letter of reprimand, as well as what appears to be a typographical error, we find that the administrative judge actually found that the April 18, 2014 disclosure and November 2014 IRA appeal were contributing factors in the February 20, 2015 proposed 5-day suspension, while the November 2014 IRA appeal and December 2014 IG complaint were contributing factors in the July 20, 2015 letter of reprimand.  ID at 16-18.

The appellant also contends that agency officials who knew of his May 2014 letter to a U.S. senator "probably" discussed the letter with the official who issued the May 18, 2015 letter of reprimand, PFR File, Tab 1 at 10-11, but he has not established any basis for this speculation, nor has he shown any error in the administrative judge's finding that this official denied having such knowledge in his testimony at the hearing and there was no evidence to the contrary.  ID at 12; *cf. Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶ 9 (2008) (holding that sworn statements that are not rebutted are competent evidence of the matters asserted therein).

situated. *Soto v. Department of Veterans Affairs*, [2022 MSPB 6](), ¶ 11; *see Carr v. Social Security Administration*, [185 F.3d 1318](), 1323 (Fed. Cir. 1999).[4]

<u>The appellant has not shown that the administrative judge erred when he found that the evidence in support of the agency's actions was strong.</u>

¶5    The appellant contends that the agency's evidence in support of its decision to keep him out of the line of succession was not strong because, although his supervisor testified that she "tries" to issue her line of succession on a quarterly basis, there was no evidence to substantiate this testimony. PFR File, Tab 1 at 12. He thus implies that the timing of her issuance of the line of succession determinations coincided with some of his protected disclosures and activity. *Id.*

¶6    The testimony identified by the appellant that his supervisor "tries" to issue her line of succession on a quarterly basis suggests that this goal may not always be attained, and any absence of corroborating evidence does not undermine the supervisor's otherwise unrebutted testimony that she tries to do so. In any event, the administrative judge thoroughly addressed the supervisor's testimony regarding this alleged personnel action, finding it clear, logical, and forthright, and thereby basing his determination of her credibility explicitly on her demeanor. ID at 23. The administrative judge found that the supervisor had decided not to include the appellant in her line of succession because, among other things, he was not a top performer and had conduct issues. ID at 22-23. In addition, she testified that the appellant's applications had many errors, he was not performing administrative duties as she expected, and his relationship with team members deteriorated after he "started acting unprofessionally with his

---

[4] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* [5 U.S.C. § 7703](b)(1)(B).

co-workers, refusing to help agents, confronting co-workers, and ignoring her." ID at 23. The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board will overturn such determinations only when it has sufficiently sound reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that this testimony, which the administrative judge found was credible based in part on the witness's demeanor, overcomes any lack of corroboration for a quarterly line of succession goal or circumstantial evidence regarding the timing of the actions.

¶7      The appellant also asserts that the agency's evidence in support of its May 18, 2015 letter of reprimand was not strong because he had engaged in that type of misconduct on numerous occasions but had never before been disciplined. PFR File, Tab 1 at 13. The administrative judge addressed this argument and found it unpersuasive. The administrative judge found that, although the appellant testified that he had, on numerous occasions, taken action on an application on the next business day after the deadline date, his testimony was "evasive" and he did not explain why he could permissibly leave work the day that a bid date would pass without taking action on the underlying application, plan to decline the application on the next day he was in the office, and tell no one that the bid date would pass during his absence. ID at 13-14. The appellant has not provided on review any further explanation regarding these matters, nor has he alleged or shown that the agency knew that he had missed the deadline on prior occasions or otherwise shown that the administrative judge erred when he found that the evidence in support of this action was strong.

¶8      In addition, the administrative judge's findings regarding the strength of the agency's evidence in support of the May 18, 2015 reprimand are based in part on his observing the demeanor of the acting official. ID at 13. The appellant has not

established "sufficiently sound" reasons for overturning this credibility determination, and we find no basis for disturbing these findings.

¶9    The appellant further contends that the misconduct underlying the July 20, 2015 letter of reprimand was the result of confusion. PFR File, Tab 1 at 14. The administrative judge addressed this contention, finding that the appellant was clearly on notice of the agency's requirements because his supervisor had sent him an email informing him that he needed to call into the office, rather than send an email, when he would be absent due to illness. ID at 19-20. The appellant has not explained how he remained confused after receiving this email and has otherwise shown no error in this determination by the administrative judge.

¶10    The appellant also asserts that the evidence in support of this letter of reprimand was not strong because the only evidence the agency submitted showing that he had not updated his telephone number in the ENS was a memorandum his first-level supervisor wrote on the same day she provided testimony in an equal employment opportunity (EEO) proceeding. PFR File, Tab 1 at 8. The administrative judge based his finding of strong evidence on the testimony of the supervisor, which he found was not disputed. ID at 19. The appellant's assertion that this testimony was supported by, and consistent with, a memorandum written by the supervisor corroborates that testimony. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 460 (1987).

The appellant has not shown that the administrative judge erred when he found that the agency's motive to retaliate was not strong.

¶11    The appellant asserts that the administrative judge did not fully consider all of the reasons why the agency would be strongly motivated to retaliate against him, including disclosures he made alleging an abuse of authority to a named agency official between May 2014 and July 2015 and an EEO complaint he filed. PFR File, Tab 1 at 4-5, 17. The appellant further contends that the administrative judge ignored testimony and evidence showing a lack of good character, inconsistencies, evasiveness, and bias on the part of the acting officials, including

the acting officials' failure to consider mitigating factors in the decision to issue the July 20, 2015 letter of reprimand and failure to follow standard operating procedures (SOPs) in issuing the May 18, 2015 letter of reprimand. *Id.* at 5, 7-10, 17-20.

¶12    The appellant's contention that the administrative judge failed to consider other reasons for the agency's alleged motive to retaliate is based upon alleged protected disclosures and activity that were not identified as issues in this case. 0135 IAF, Tab 33 at 1-4, Tab 48 at 3. His failure to object to these rulings below, however, precludes him from doing so on review. 0135 IAF, Tab 2 at 6, Tab 33 at 1 n.1; *see, e.g.*, *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 635 (1992) (finding that the appellant's failure to object to the exclusion of an issue in response to an order allowing him to do so prevents him from raising the issue on review). Although the appellant contends that the administrative judge ignored certain testimony and evidence, his failure to mention all of the testimony and evidence in this case does not mean that he did not consider it. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). In any event, we have considered the appellant's arguments and find that they do not demonstrate error in the administrative judge's determination that any motive to retaliate was slight or moderate, nor do they overcome the ultimate finding that the agency proved by clear and convincing evidence that it would have taken the same actions in absence of the disclosures and protected activity. ID at 12-16, 18-24. In this regard, we note that the acting official considered mitigating factors, including the appellant's performance, his 7 years of Federal service, and the lack of notoriety of the offense, in mitigating the proposed 5-day suspension to a July 20, 2015 letter of reprimand, and also indicated that she considered the appellant's written reply and the relevant factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in considering the appropriateness of the penalty. 0135 IAF, Tab 19 at 127, 131-32. The appellant

does not identify on review the procedures he believes the agency did not follow when it issued the May 18, 2015 letter of reprimand. PFR File, Tab 1 at 7.

¶13    The appellant also asserts that an agency human resources specialist did not have a file for the May 18, 2015 letter of reprimand, which the appellant claims suggests that the acting official did not intend to issue the letter until he signed a Merit Systems Protection Board mediation agreement during the morning of May 18, 2015. PFR File, Tab 1 at 8. After the acting official issued the May 18, 2015 letter of reprimand, the appellant asked the human resources specialist for the "evidence file." 0135 IAF, Tab 11 at 24. The human resources specialist informed the appellant on May 19, 2015, that he did not have an "evidence file" and that the acting official "issued the letter of reprimand based on his observations as a supervisor." *Id.* We find that the appellant has not shown that the absence of an "evidence file" in the possession of the human resources specialist, or any other evidence of coordination between the acting official and the human resources specialist, suggests a stronger motive to retaliate for this protected activity than that found by the administrative judge, which was a "moderate motive to retaliate against the appellant for his IRA appeal." ID at 15. Moreover, he has not explained why the apparently voluntary signing of a mediation agreement, as opposed to any other action of the appellant such as his filing of a Board appeal, would trigger a retaliatory motive on the part of this particular acting official. Although the appellant contends that the letters of reprimand related to routine office matters that the agency previously had not counseled him about, PFR File, Tab 1 at 8, he has not alleged or shown that the agency was aware of him engaging in such misconduct in the past. In any event, the administrative judge found that his misconduct was serious enough to have caused "a company not to bid on a project and required another specialist to have to re-underwrite the application," ID at 12, the acting official took remedial action when another employee allowed a bid date to pass on an application, and the Board has held that a failure to follow supervisory instructions is a serious

charge, *see Von Muller v. Department of Energy*, 101 M.S.P.R. 91, ¶ 23, *aff'd*, 204 F. App'x 17 (Fed. Cir. 2006), *and modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 9. Thus, we find that the appellant has not shown that the misconduct at issue in his letters of reprimand was "routine" or unworthy of discipline.

¶14       The appellant further contends that an agency official who did not take any of the personnel actions at issue in this case, but who was purportedly involved in responding to his IG complaint, 0135 IAF, Tab 48 at 5, was "evasive" in explaining why he did not conduct a "proper" investigation into the appellant's IG complaint and did not follow SOPs when the appellant raised an allegation of a hostile work environment in October 2014, PFR File, Tab 1 at 9-10. The appellant does not, however, specify why he believes the testimony of this official was evasive. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (holding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam). Thus, he has not established that any testimony this official provided was not credible. In any event, the administrative judge did not rely on any testimony from this individual in his analysis of the issues, and the appellant has not alleged or shown that this individual was motivated to retaliate against him on the basis of his protected disclosures and activity and influenced the acting officials in this case.

¶15       The appellant asserts that the agency had a motive to retaliate for his April 18, 2014 disclosure that a coworker abused time and attendance

requirements because the acting officials either hired the coworker or treated him as a "preferred" employee. PFR File, Tab 1 at 17-18. The administrative judge thoroughly addressed any motive to retaliate for this disclosure and found, based on his assessment of the demeanor of the acting officials during their testimony, that there was no evidence that anyone was embarrassed, implicated, or inconvenienced by the disclosure, and that only a slight motive to retaliate existed. ID at 14-15, 20-21, 23-24; *see Haebe*, 288 F.3d at 1301. We have found, however, that those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, as the criticism reflects on them in their capacities as managers and employees. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 65; *Smith v. Department of the Army*, 2022 MSPB 4, ¶¶ 28-29. Nonetheless, to the extent the acting officials may have harbored retaliatory animus against the appellant because of possible concerns that the conduct that the appellant disclosed reflected badly on the agency, we find that any motive to retaliate was slight. The appellant has not shown that the fact that the acting officials had hired the coworker created a motive on the part of the acting officials to retaliate for the disclosure, nor has he identified evidence in the record supporting his claim that the coworker was somehow "preferred."

The appellant has not shown that the administrative judge erred in his analysis of *Carr* factor three.

¶16    The appellant asserts on review that the administrative judge ignored similarly situated employees who were not whistleblowers and who were not disciplined in his analysis of the third *Carr* factor. PFR File, Tab 1 at 4, 22-23; *see Carr*, 185 F.3d at 1323. In this regard, the appellant asserts that his supervisor was similarly situated to him because she "engaged in many acts of misconduct and violated many SOPs and agreements" without being disciplined, and a coworker who was not a whistleblower was not disciplined "on the same

request I got the letter of reprimand for."  PFR File, Tab 1 at 22-23.  In support of this assertion the appellant references his Exhibit E.  *Id.* at 23.

¶17    The administrative judge found that *Carr* factor three was neutral because the agency did not identify comparators.  ID at 15-16, 21, 24.  The appellant has shown no error in this finding by the administrative judge.  To the extent that the appellant contends that the agency did not take disciplinary action against similarly situated employees who did not make protected disclosures or engage in protected activity, his allegation that his supervisor violated SOPs and agreements does not suggest that she engaged in misconduct similar to that which the agency proved in this case.  Moreover, the Exhibit E referenced by the appellant in his petition for review does not support his contentions.  Rather, it includes correspondence between the appellant and the agency regarding his own May 18, 2015 letter of reprimand.  0135 IAF, Tab 11 at 2, 33-55.  At best, this exhibit includes an assertion by the appellant that he has let files sit in the queue for an extra day in the past and that "other specialists do it too."  *Id.* at 33.  The exhibit includes no further details regarding this bare allegation of misconduct by other agency employees.  *See Carr*, 185 F.3d at 1326 (explaining that, for an employee to be considered similarly situated to an individual who is disciplined, it must be shown that the conduct and the circumstances surrounding the conduct of the comparison employee are similar to those of the disciplined individual).

¶18    The appellant further contends that, although the administrative judge found that a program support specialist was removed from processing applications when she missed a bid date, that employee was not similarly situated to him because he did not miss a bid date but merely did not decline a request fast enough, the program support specialist was probably a GS-9 employee working outside her job description, and she was simply returned to her regular duties and did not receive a letter of reprimand.  PFR File, Tab 1 at 21.  We find that the administrative judge committed no error in his analysis of this matter.  The administrative judge found that evidence regarding the program support specialist

did not apply to *Carr* factor three because the record did not reflect whether that individual made whistleblowing disclosures. ID at 15. Instead, the administrative judge found that any evidence regarding the agency's actions affecting the program support specialist supported the acting official's testimony that he does not tolerate employees missing bid dates, and therefore supported a determination that the evidence in support of the action was strong. ID at 15-16.

¶19     Because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Soto*, 2022 MSPB 6, ¶ 18; *see Rickel v. Department of the Navy*, 31 F.4th 1358, 1365-66 (Fed. Cir. 2022) ("The lack of evidence on the third *Carr* factor appears neutral[.]") (internal citation omitted). We agree with the appellant that, in some cases, an absence of evidence regarding *Carr* factor three "may well cause the agency to fail to prove its case overall." PFR File, Tab 1 at 20. If the first two *Carr* factors are only supported by weak evidence, the failure to present evidence of the third *Carr* factor may prevent the agency from carrying its overall burden. *Smith*, 2022 MSPB 4, ¶ 30; *see Miller v. Department of Justice*, 842 F.3d 1252, 1262-63 (Fed. Cir. 2016) (where an agency presented little or weak evidence for the first two *Carr* factors, the lack of *Carr* factor three evidence "if anything[] tends to cut slightly against the government").

¶20     Nevertheless, we agree with the administrative judge that the absence of such evidence in this case does not warrant a finding that the agency did not meet its burden. ID at 15-16, 21, 24. As found by the administrative judge, the evidence in support of the action was quite strong, and any motive to retaliate was slight or moderate. ID at 12-16, 18-24. Thus, we find that the appellant has shown no error in the administrative judge's determination that the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of his disclosures and protected activity.

¶21     Accordingly, we deny the petition for review and affirm the initial decision.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          /s/ for _____

                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.