# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GARY RILEY,<br>          Appellant,<br><br>          v.<br><br>UNITED STATES POSTAL SERVICE,<br>          Agency. | DOCKET NUMBER<br>DC-0752-16-0465-I-1<br><br><br><br>DATE: February 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby R. Devadoss, Esquire, and Megan Zeller, Esquire, Dallas, Texas, for the appellant.

Lori L. Markle, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and supplement the administrative judge's analysis of the appellant's claims of age discrimination and disparate penalties, we AFFIRM the initial decision.

## BACKGROUND

Effective March 19, 2016, the agency removed the appellant from his Postmaster position based on a charge of improper conduct. Initial Appeal File (IAF), Tab 4 at 15. The agency explained the basis for its charge in a narrative statement that alleged, among other things, that the appellant engaged in an extramarital affair with a female subordinate employee, Employee A. *Id.* at 35-38. The agency further alleged that the appellant sent inappropriate text messages to, inappropriately touched, and/or pursued a sexual relationship with four other female subordinate employees, Employees B through E. *Id.* The appellant appealed his removal to the Board and requested a hearing, which he later waived. IAF, Tab 1 at 1-6, Tabs 22-23. He disputed the agency's charge, the existence of nexus, and the reasonableness of the imposed penalty, and he raised claims of age discrimination and disparate penalties. IAF, Tab 24 at 4-28.

Based on the written record, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 30, Initial Decision (ID) at 1, 19. Specifically, he sustained the agency's charge because he found that the

agency proved by preponderant evidence that the appellant engaged in improper conduct by participating in an extramarital affair with Employee A, sending inappropriate text messages to Employee B, and inappropriately touching Employee D.[2]  ID at 2-14.  In addition, the administrative judge found that the appellant failed to prove the affirmative defense of age discrimination.  ID at 14-17.  He further found that the penalty of removal is within the tolerable bounds of reasonableness and promotes the efficiency of the service.  ID at 17-19.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response, PFR File, Tab 7, to which the appellant has replied, PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved by preponderant evidence that the appellant engaged in improper conduct involving Employee A.</u>

A charge of improper conduct has no specific elements of proof; it is established by proving that the appellant committed the acts alleged in support of the "improper conduct" label.  *Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 22 (2006), *aff'd*, 626 F. Supp. 2d (D.N.M. 2009), *aff'd*, 490 F. App'x 932 (10th Cir. 2012).  Here, it is undisputed that the appellant engaged in an extramarital affair with Employee A.  IAF, Tab 24 at 30-31.  In his petition for review, the appellant argues that the agency failed to prove that having a consensual, personal relationship with Employee A constituted improper conduct that resulted in favoritism or an unsafe work environment.  PFR File, Tab 3 at 20-22.  For the following reasons, we agree with the administrative judge's finding that the agency proved by preponderant evidence that the appellant engaged in improper conduct based on his relationship with Employee A.  ID at 6.

---

[2] The appellant does not dispute, and we find no reason to disturb, the administrative judge's finding that the agency did not prove that the appellant engaged in improper conduct by sending "flirty" text messages to Employee C or by requesting to enter the house of Employee E.  ID at 9-10, 13-14.

The agency's proposal notice characterized the appellant's relationship with Employee A as improper based on the following:

> A sexual affair with a subordinate has an obvious potential to create the appearance of impropriety and favoritism. Even if impropriety and/or favoritism do not occur, they will be perceived when the relationship becomes known. Such relationships create the appearance of a conflict of interest, expose the Agency to multiple forms of potential liability, damage the Agency's ability to discipline its workforce, make it impossible to effectively supervise or manage the subordinate, interfere with the Agency's mission to provide a harassment-free atmosphere, and have a negative effect on employee morale.

IAF, Tab 4 at 38. The narrative description of the agency's charge makes clear that favoritism is not an essential part of the charge and that, if the relationship becomes known, there is an appearance of impropriety or favoritism sufficient to prove improper conduct. *Cf. Lachance v. Merit Systems Protection Board*, 147 F.3d 1367, 1371-73 (Fed. Cir. 1998) (finding that the agency set out its charge of "unacceptable and inappropriate behavior by a supervisor" in alternative terms such that the agency was required to prove either part). Thus, the relevant inquiry is whether the agency proved that other employees knew about the appellant's relationship with Employee A, thereby creating an appearance of impropriety or favoritism.

Here, Employees B and D and a witness declared under penalty of perjury that they knew about the appellant's personal relationship with Employee A. IAF, Tab 5 at 53-54, 72, Tab 25 at 35. A declaration, subscribed as true under penalty of perjury, if uncontested, proves the facts it asserts. *Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 8 (2013). Although the appellant argues that the employees' declarations are not credible, he does not contest the substance of their declarations regarding their knowledge of the affair. PFR File, Tab 3 at 14-20, 22, Tab 8 at 4-5. Further, we find that the appellant has not presented any evidence below or on review to contradict the employees' declarations that they knew about the affair. *See Tram*, 120 M.S.P.R. 208, ¶ 8 (finding that the

appellant did not present credible evidence contradicting the declarations in question).

Moreover, although the agency's proposal notice alleged that several employees did not feel safe at work based on speculation that Employee A's husband might react violently upon learning of the affair, we find that an unsafe work environment is not an essential part of the agency's charge. IAF, Tab 4 at 37; *see Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994) (finding that an agency is required to prove only the essence of its charge and need not prove each factual specification in support of the charge), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).

<u>The agency proved by preponderant evidence that the appellant engaged in improper conduct regarding Employees B and D.</u>

Because the appellant waived his right to a hearing, the administrative judge decided this case based on the written record. IAF, Tabs 22-23. In sustaining the appellant's alleged misconduct involving Employees B and D, the administrative judge considered the documentary evidence and made credibility determinations by applying the appropriate factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).[3] ID at 6-13. The appellant challenges these credibility findings on review. PFR File, Tab 3 at 14-20, Tab 8 at 4-5.

Regarding the credibility of Employee B's unsworn interview statement and declaration made under penalty of perjury, the appellant claims the following: the agency did not "validate or verify" her statements by providing an affidavit from her in its closing submission or any witness testimony; Employee B stated in her declaration that the appellant "never told me anything that was

---

[3] The agency questions the propriety of relying on *Hillen* in this case because no hearing was held and the appeal was decided based on the written record. PFR File, Tab 7 at 9. However, the Board has approved utilizing the *Hillen* principles for resolving credibility issues in such cases. *Goode v. Defense Logistics Agency*, 45 M.S.P.R. 671, 674 n.2 (1990).

inappropriate"; and the administrative judge did not explain why he found a difference in credibility regarding Employees B, C, and E. PFR File, Tab 3 at 15-16; ID at 7-9; IAF, Tab 5 at 52-55, 114-18. We find that the appellant has failed to articulate a factor relevant to Employee B's credibility. *See Hillen*, 35 M.S.P.R. at 458. Thus, we discern no reason to disturb the administrative judge's credibility findings regarding Employee B's factual assertions that the appellant sent her specific text messages. ID at 9; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's credibility findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions). Moreover, we find that Employee B's declaration constitutes preponderant evidence that the appellant sent her the text messages described in the proposal notice. *Compare* IAF, Tab 4 at 36, *with* IAF, Tab 5 at 53; *see Kewley v. Department of Health and Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998) (observing that hearsay evidence may be accepted as preponderant evidence in Board proceedings, even without corroboration, if the circumstances lend it credence).

Nonetheless, we find that the appellant's admission in his declaration made under penalty of perjury that he sent Employee B a text message stating that she was his favorite and that he told her he would be "like a cheetah on a gazelle" with her is sufficient to prove by preponderant evidence that he engaged in improper conduct towards her. *Compare* IAF, Tab 4 at 36, *with* IAF, Tab 5 at 44; *see Tram*, 120 M.S.P.R. 208, ¶ 8; *see also Crawford v. Department of the Treasury*, 56 M.S.P.R. 224, 232 (1993) (finding that a partly sustained specification was sufficient to sustain the agency's charge). We further find that Employee's B's subjective belief that the appellant did not tell her anything inappropriate does not preclude finding that his remarks to her were inappropriate because they clearly demonstrated favoritism and were unprofessional.

Regarding the credibility of Employee D's initial declaration made during the agency's investigation into the appellant's conduct, the appellant argues that

the administrative judge failed to consider that her declaration is inconsistent with her subsequent declaration provided in the agency's closing submission. PFR File, Tab 3 at 17-20, Tab 8 at 4-5; ID at 11-13; IAF, Tab 5 at 57-60, Tab 25 at 34-39. Specifically, the appellant asserts that Employee D's statement in her initial declaration that the appellant "has not said or done anything to me of a sexual nature," conflicts with her statement in her subsequent declaration that he "put his hand under my shirt and unhooked my bra." PFR File, Tab 3 at 18, Tab 8 at 4-5; IAF, Tab 5 at 58, Tab 25 at 36. We find that this inconsistency is not sufficient to overturn the administrative judge's credibility determinations because it does not raise doubt as to the truthfulness of Employee D's assertions of material fact. *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶¶ 18, 22 (2015) (declining to disturb the administrative judge's credibility determinations when the witness provided consistent testimony concerning the material facts as found by the administrative judge), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016); *see also Hillen*, 35 M.S.P.R. at 459 (explaining that inconsistencies between a witness's statements do not necessarily render his or her testimony incredible). Regardless of whether Employee D considered this touching to be sexual in nature, it is nevertheless inappropriate as alleged in the proposal notice. IAF, Tab 4 at 37. Importantly, we find that Employee D's declarations are consistent concerning the material facts as found by the administrative judge, i.e., that the appellant touched her waist, shoulder, hair, and arm. ID at 12-13. *Compare* IAF, Tab 5 at 58, *with* IAF, Tab 25 at 37-38. Further, we find that the appellant's argument that Employee D did not complain about his conduct until after the agency began its investigation is not a sufficient basis to discount her credibility on material facts, considering all the factors. PFR File, Tab 3 at 19; *see Hillen,* 35 M.S.P.R. at 458.

Moreover, for the reasons described in the initial decision, we find that the agency presented preponderant evidence that the appellant engaged in improper conduct by inappropriately touching Employee D. ID at 10-13. In addition, we

agree with the administrative judge's finding that the appellant's proven misconduct regarding Employees A, B, and D is sufficient to sustain the agency's charge. ID at 14; *see Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, when more than one event or factual specification is set out to support a single charge of misconduct, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

<u>The appellant has failed to prove his affirmative defense of age discrimination.</u>

The appellant reasserts on review his affirmative defense of age discrimination. PFR File, Tab 3 at 22-24; IAF, Tab 24 at 24-25, 35-37. An appellant bears the burden of proving his affirmative defense by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). A Federal employee may prove age discrimination by establishing that age was a factor in the challenged personnel action. *Wingate v. U.S. Postal Service*, 118 M.S.P.R. 566, ¶ 7 (2012). In determining whether an appellant has met his initial burden to show a motivating factor, the Board must consider all of the evidence together as a whole without sorting evidence into different piles, labeled "direct" or "indirect," that are evaluated differently. *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 36 (2017).

Here, in analyzing the appellant's age discrimination claim, the administrative judge properly evaluated the appellant's comparator evidence, and concluded that he did not prove his claim. ID at 14-17. Although the administrative judge discussed the distinction between direct and circumstantial evidence, there is no allegation that he disregarded any evidence because it was not direct or circumstantial. IAF, Tab 21 at 2-3; *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶24. We find that the administrative judge properly considered the record evidence as a whole regardless of its characterization. Specifically, the administrative judge considered the appellant's affidavit in which he identified potential comparator employees for purposes of

proving discrimination based on disparate treatment. ID at 16; IAF, Tab 24 at 35-36.

However, in analyzing the appellant's age discrimination claim, the administrative judge erroneously considered his disparate penalties claim and identified the legal standards for a disparate penalties claim set forth in *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 6 (2010), and *Voss v. U.S. Postal Service*, 119 M.S.P.R. 324, ¶ 6 (2013). ID at 15-16; IAF, Tab 24 at 20-21. The appellant's allegation that the agency treated him disparately to other employees, without a claim of prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant and considered by the Board in determining the reasonableness of the penalty, but it is not an affirmative defense. *Vargas v. U.S. Postal Service*, 83 M.S.P.R. 695, ¶ 9 (1999). The "consistency of the penalty with those imposed upon other employees for the same or similar offenses" is only one of the factors for consideration in determining the reasonableness of the penalty. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). We modify the initial decision to clarify that the appellant's disparate penalties claim is not an affirmative defense and should be considered instead in assessing the reasonableness of the penalty. We address his disparate penalties claim in the next section.

We further modify the initial decision to analyze the appellant's comparator evidence for purposes of his age discrimination claim under the correct legal standard set forth in *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). For another employee to be similarly situated, a comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.* Based on our review of the appellant's affidavit, we find that he failed to describe the potential comparator employees in sufficient detail to support a finding that they were similarly situated. IAF, Tab 24 at 35-36. For example, the appellant did not state whether

the employees reported to the same supervisor as he did. Further, none of the employees were a supervisor who, like the appellant, engaged in improper conduct regarding three subordinate employees. Moreover, we find that the appellant's conclusory assertions on review that there was no reason for his removal and that the agency treated him differently from other employees accused of similar misconduct fail to meet his burden of proving that age was a factor in his removal.[4] PFR File, Tab 3 at 22-24.

The agency proved nexus and the reasonableness of the penalty.

In an adverse action appeal, the agency generally must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for the adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010). Here, we agree with the administrative judge's finding of nexus because the appellant's misconduct occurred with subordinates and, in part, at work. ID at 17; *see Parker v. U.S. Postal Service*, 819 F.2d 1113, 1116 (Fed. Cir. 1987) (finding that there was a sufficient nexus between an employee's conduct and the efficiency of the service when the conduct occurred, in part, at work). The appellant's general disagreement with this finding provides no basis for review. PFR File, Tab 3 at 8.

When, as in the instant appeal, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant *Douglas* factors[5] and exercised management discretion within the tolerable limits of reasonableness. *Ellis*, 114 M.S.P.R. 407, ¶ 11. The Board will modify or mitigate an agency-imposed

[4] Because we discern no error with the administrative judge's motivating factor analysis or conclusion regarding this claim, we do not reach the question of whether retaliation was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22.

[5] In *Douglas*, 5 M.S.P.R. at 305-06, the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriateness of an agency-imposed penalty for an employee's misconduct.

penalty only if it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.* For the following reasons, we agree with the administrative judge's findings that the agency properly considered the relevant *Douglas* factors and that the penalty of removal is within the tolerable bounds of reasonableness. ID at 17-19.

In the decision letter, the deciding official found that the appellant's past work record, performance on the job, and length of service did not outweigh the seriousness of his misconduct. IAF, Tab 4 at 16. In particular, she explained that the appellant's misconduct was egregious and directly related to his job duties and responsibilities to supervise subordinate employees in an appropriate and effective manner, and that, as a Postmaster, he is held to a higher standard of behavior. *Id.* She further stated that both she and the appellant's immediate supervisor have lost trust in the appellant's judgment, professionalism, and continued ability to perform his assigned duties, and that she was not aware of other employees charged with similar misconduct. *Id.* In addition, she found no potential for the appellant's rehabilitation due to the severity of his misconduct, and she expressed her belief that an alternative sanction would not be adequate, despite his lack of a disciplinary record. *Id.* at 16-17.

The appellant identified three potential comparators for purposes of a disparate penalties claim, which he reasserts on review. PFR File, Tab 3 at 11-14; IAF, Tab 24 at 20-21. The administrative judge relied on *Lewis*, 113 M.S.P.R. 657, ¶ 6, in analyzing the alleged comparators. ID at 15-16. However, since the issuance of the initial decision, the Board has issued *Singh v. U.S. Postal Service*, 2022 MSPB 15. We modify the initial decision to analyze the appellant's disparate penalties claim consistent with *Singh*. The fact that two employees come from different work units or supervisory chains remains an important factor in determining whether it is appropriate to compare the penalties they are given. *Id.*, ¶ 13. In most cases, employees from another work unit or supervisory chain will not be proper comparators. *Id.* There must be a close

connection between the misconduct or some other factor for an employee from another work unit or supervisory chain to be a proper comparator for disparate penalty purposes. *Id.* Here, the appellant has failed to allege a valid comparator because none of the proffered employees allegedly engaged in "the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305; *see Singh*, 2022 MSPB 15, ¶ 17 (observing that the Board should not conduct a disparate penalty analysis beyond the same or similar offenses). Therefore, we find that the appellant has failed to establish that the agency imposed disparate penalties. We further find that the deciding official's statement that she was not aware of other employees charged with similar misconduct shows that the agency considered the corresponding *Douglas* factor. IAF, Tab 4 at 16; *see Douglas*, 5 M.S.P.R. at 305.

In addition, the appellant argues on review that the agency failed to consider his length of service, prior military service, lack of a disciplinary record, excellent performance, and potential for rehabilitation. PFR File, Tab 3 at 8-11. He references his submission of affidavits as evidence of his excellent performance, character, and leadership skills. *Id.* at 9-11; IAF, Tab 24 at 30-48. The appellant also challenges the validity of the deciding official's belief that his actions were "deliberate, repeated and improper" because the administrative judge found that the agency failed to prove the alleged misconduct regarding Employees C and E. PFR File, Tab 3 at 8; IAF, Tab 4 at 16.

An appellant's disagreement with the weight given to particular factors does not provide a basis to disturb the initial decision. *Ellis*, 114 M.S.P.R. 407, ¶ 11. Here, the deciding official considered the appellant's length of service, lack of a disciplinary record, and performance, but justifiably found that they were outweighed by the seriousness of his misconduct that directly related to his supervisory duties. IAF, Tab 4 at 16; *see Singh*, 2022 MSPB 15, ¶ 18 (observing that the Board has frequently stated that the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibility, is the most important factor in assessing the reasonableness of a penalty); *see also Bowman*

*v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 12 (2015) (explaining that supervisors are held to a higher standard of conduct).  Moreover, we find that the appellant has failed to establish that the deciding official misjudged his rehabilitative potential when the agency had lost trust in his judgment, professionalism, and ability to perform his supervisory duties.  IAF, Tab 4 at 16-17; *cf. Von Muller v. Department of Energy*, 101 M.S.P.R. 91, ¶ 21 (finding that the Board may abandon deference to an agency's penalty determination when the deciding official misjudges the appellant's rehabilitative potential), *aff'd*, 204 F. App'x 17 (Fed. Cir. 2006).  Finally, although we consider the agency's failure to prove the appellant's alleged misconduct regarding Employees C and E, we find that a penalty of removal is within the bounds of reasonableness given the seriousness of the sustained misconduct.  *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650-51 (1996) (finding that the Board must consider the agency's failure to sustain all of its supporting specifications when determining the reasonableness of the penalty).

Accordingly, we affirm the initial decision that sustained the agency's removal action.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.