# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID SOROKA,
                    Appellant,

            v.

DEPARTMENT OF COMMERCE,
                    Agency.

DOCKET NUMBER
DC-0752-20-0180-I-1

DATE: August 30, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Soroka, Rockville, Maryland, pro se.

Adam A. Chandler, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal for misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-14 Physical Scientist for the agency's National Oceanic and Atmospheric Administration (NOAA). Initial Appeal File (IAF), Tab 6 at 30. He served as the Winter Weather Program Lead in the agency's Severe, Fire, Public, and Winter Weather Services Branch. His major duties in that role included planning, conducting, coordinating, and reviewing scientific work, as well as representing the organization on technical committees. IAF, Tab 27 at 42, 44.

The appellant was indicted in the Circuit Court for Montgomery County, Maryland on the charges of fourth degree sex offense ("unconsented sexual contact" with a minor) and second degree assault. IAF, Tab 6 at 114-15. On July 9, 2019, the appellant pleaded guilty to both charges, and on August 20, 2019, he was sentenced to 1-year and 10-year suspended sentences, running concurrently, a $2,500 suspended fine, and 5 years of supervised probation. *Id.* at 106, 111-12. He was ordered to and did register with the sex offender registry. *Id.* at 94, 112. These incidents were highly publicized in numerous blogs and news articles, which identified the appellant as a NOAA meteorologist. *Id.* at 128-67.

On September 4, 2019, the agency issued the appellant a notice of proposed removal based on one charge of conduct unbecoming a Federal employee, with two specifications based on the conduct underlying his conviction:

> Specification 1: On or about and between July 15, 2017 and July 15, 2018, you had unconsented sexual contact with a minor of whom you had temporary care and custody, and responsibility for supervision.

> Specification 2: On or about and between July 15, 2017 and July 15, 2018, you assaulted a minor in the second degree.

*Id.* at 101-04.  After the appellant responded to the notice both orally and in writing, the agency issued a decision removing him effective November 6, 2019. *Id.* at 22-71.

The appellant filed a Board appeal, arguing that the agency failed to prove that his removal promoted the efficiency of the service.  IAF, Tab 1 at 5, Tab 28 at 5-6.  After a hearing, the administrative judge issued an initial decision affirming the appellant's removal.  IAF, Tab 40, Initial Decision (ID).  She found that the charge was proven through the parties' stipulations, the agency established a nexus between the charges and the efficiency of the service, and the removal penalty was within the tolerable limits of reasonableness.  ID at 6-16.

The appellant has filed a petition for review contesting the administrative judge's penalty analysis, particularly with regard to the nature of his duties and evidence concerning a proffered comparator.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 8-9.

## ANALYSIS

In an appeal of a removal under 5 U.S.C. chapter 75, the agency bears the burden of proving by preponderant evidence that its action was taken for such cause as would promote the efficiency of the service.  *MacDonald v. Department of the Navy*, 4 M.S.P.R. 403, 404 (1980); 5 U.S.C. § 1201.56(a)(1)(ii).  To meet this burden, the agency must prove its charge, establish a nexus between the

charge and the efficiency of the service, and demonstrate that the penalty imposed was reasonable. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997). In this case, the appellant does not dispute the administrative judge's finding that the agency proved its charge and established nexus. For the reasons explained in the initial decision, these findings are supported by the record and by the law, and we will not revisit them here. ID at 6-7; *see* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review."). Accordingly, the only issue before the Board on petition for review is that of penalty.

Because the agency's charge was sustained, the Board's authority to review the penalty is limited. *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 4 (2001). Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to assure that management's judgment has been properly exercised. *Id.* at 302. Thus, the Board will disturb an agency's chosen penalty only if it finds that the agency failed to weigh relevant factors or that the agency's judgment clearly exceeded the limits of reasonableness. *Id.* at 306. The Board has identified a nonexhaustive list of factors that are normally relevant for consideration in determining the appropriateness of a penalty. *Id.* at 305-06.

In her initial decision, the administrative judge found that the deciding official considered relevant factors and exercised his discretion within tolerable limits of reasonableness. ID at 15. Specifically, the deciding official considered the mitigating factors of the appellant's 25 years of good service and lack of prior discipline, but he found that these did not outweigh the gravity of the appellant's

misconduct and the effect that it had on his ability to represent the agency publicly. ID at 7-8, 15. The administrative judge also considered the appellant's argument that the agency treated him disparately from another employee who was on a sex offender registry, removing the appellant but doing nothing at all to the comparator. However, the administrative judge found that the proffered comparator was not similarly situated to the appellant, and in any event, the deciding official did not know about this other individual when he issued his decision. ID at 9-15.

On petition for review, the appellant advances two main arguments: first, that publicly representing the agency is only a minor part of his job, and second, that the agency did knowingly treat him differently than a similarly situated individual. Regarding his public contacts, the appellant argues that the extent of these contacts was a monthly email and an annual webinar. PFR File, Tab 1 at 6. He also argues that he did not serve as "Acting Branch Chief" often, but rather once a month or less over a 2-year period. *Id.* at 7. We agree with the appellant that his occasional service as the Severe, Fire, Public, and Winter Weather Services Acting Branch Chief does not seem to be particularly significant. It is listed as a duty in his position description, IAF, Tab 27 at 46, but it does not appear to be one of his core duties, there is no indication that it could not just as easily be fulfilled by other program leads, and there is no explanation of how the appellant's misconduct would impair his ability to perform in that role any more than in his normal role of Winter Weather Program Lead.

However, we cannot agree with the appellant that the Winter Weather Program Lead lacks significant contacts with the public. Even if the appellant only interacted with the public and agency partners about once a month as he asserts, it was not necessarily the frequency of these interactions but rather their nature that the deciding official found incompatible with his misconduct and the surrounding publicity. Hearing Recording (HR), Track 1 at 30:40 (testimony of the deciding official). As the deciding official explained it, as a Program Lead,

the appellant was the public face of the Winter Weather Program and was the designated point of contact for inquiries and comments from the public and agency partners concerning Winter Weather Program matters. *Id.* at 11:35, 17:20, 29:00 (testimony of the deciding official). We find that the deciding official properly considered the appellant's interface with the public to be an aggravating factor. *See Von Muller v. Department of Energy*, 101 M.S.P.R. 91, ¶¶ 23, *aff'd*, 204 F. App'x 17 (Fed. Cir. 2006), *and modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15.

Regarding the appellant's argument that the agency knowingly treated him differently than a similarly situated individual, we agree with the administrative judge that the appellant and the proffered comparator were not similarly situated and that even if they were, the agency did not knowingly and unjustifiably treat them differently. *See Singh*, 2022 MSPB 15, ¶¶ 13-14. We further find that any difference in treatment between the appellant and the comparator would not justify mitigation of the penalty in this case in any event. The consistency of the penalty is just one of many relevant factors to be considered in determining an appropriate penalty. Therefore, while the fact that one employee receives a more severe penalty than that imposed on a comparator who has committed the same or similar misconduct should be considered in favor of mitigating the penalty in a given case, mitigation is by no means required in all such cases. *Id.*, ¶ 18. Additionally, a manager should not be forced to go easy on an employee who committed serious misconduct because of the unwarranted leniency of some other manager in the past. *Id.*, ¶ 18 n.5. If the agency took no disciplinary action against an employee who engaged in conduct similar to that of the appellant, we find that the agency's failure to act against that employee would constitute unwarranted leniency that does not provide a basis for mitigation in this case.

On petition for review, the appellant has proffered evidence that he obtained after the initial decision was issued. Specifically, he has submitted what

appear to be excerpts from an email exchange between two coworkers, as well as recordings of telephone conversations that he had with other coworkers. PFR File, Tab 1 at 10-11, 13, Tabs 3-4. According to the appellant, the excerpts relate to when the deciding official learned about the comparator's conduct. PFR File, Tab 9 at 7. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time on petition for review absent a showing that it is both new and material. *Archuleta v. Department of the Air Force*, 16 M.S.P.R. 404, 407 n.3 (1983). Evidence is material when it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

We find that the appellant has not shown that this evidence was previously unavailable despite his due diligence. The appellant was notified at the time the removal decision was issued that the deciding official claimed to be unaware of the comparator's identity. IAF, Tab 6 at 24. The appellant could have sought further information about this during discovery, through deposition or otherwise, and either learned of the deciding official's expected testimony ahead of time or obtained information to impeach that testimony. *See generally* 5 C.F.R. § 1201.71. The appellant's failure to avail himself of the Board's discovery procedures with respect to the central point of his appeal does not demonstrate due diligence. *See Campbell v. U.S. Postal Service*, 51 M.S.P.R. 122, 125 (1991).

We also find that the appellant has not shown that this evidence would likely be material to the outcome of the appeal. In light of our finding above regarding the consistency of the penalty, evidence about the deciding official's knowledge of the comparator's conduct would not warrant a different outcome.

In his reply to the agency's response to the petition for review, the appellant has submitted for the first time a letter from the attorney in his criminal case and an email from his former supervisor, which he proffers for the purpose of establishing his rehabilitative potential. PFR File, Tab 9 at 4, 18, 26-28. However, as with the other evidence on review, the appellant has not shown that

this information was previously unavailable despite his due diligence, and we therefore decline to consider it. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

For the reasons explained in the initial decision, we agree with the administrative judge that the deciding official considered the relevant penalty factors and exercised his discretion within the tolerable limits of reasonableness. Given the nature and seriousness of the appellant's misconduct and its highly publicized nature, we cannot conclude that the deciding official abused his discretion in determining that removal was the appropriate course of action to protect the agency and its public image, despite the appellant's otherwise excellent service record.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case. Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.